UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARREN W. BOLES** | \* **CIVIL ACTION 3:15-cv-00373** |
| Plaintiff, | \* **MAGISTRATE EWD** |
| VERSUS | \* |
| **WAL-MART STORES, INC. and WAL-MART LOUISIANA, LLC** | \* |
| Defendants. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN OPPOSITION TO WAL-MART'S MOTION TO RETAIN JURISDICTION PENDING TRANSFER

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Darren Boles, who respectfully requests that this Court deny Wal-Mart's Motion that this Court retain jurisdiction over this matter for the purposes of enforcing a settlement agreement between the parties.

### STATEMENT OF THE CASE

The present controversy centers around whether the parties entered into a valid settlement agreement on June 17, 2016. The initial suit in this matter was filed on or about December 18, 2014, by plaintiff, Boles, against defendants, Wal-Mart Stores, Inc. and Louisiana, LLC (hereinafter collectively referred to as "Wal-Mart") for injuries Boles sustained in a slip and fall accident that occurred in the Wal-Mart store located in Gonzales, Louisiana on or about July 30, 2014. Defendant, Wal-Mart, subsequently removed the case to the United States District Court for the Middle District of Louisiana on or about June

10, 2015. Defendant, Wal-Mart, next filed a motion for summary judgment on September 22, 2015 seeking dismissal of Boles' claims.

After a continuance agreed to by both parties, plaintiff, Boles, filed his opposition to Wal-Mart's motion for summary judgment on or about February 4, 2016. Wal-Mart filed a reply to plaintiff's opposition on or about February 23, 2016. Subsequent to the parties filing their memoranda, the court took the motion under advisement and did not provide any timeframe for a ruling.

It was during the four-month period between Wal-Mart's filing of its reply to Plaintiff's opposition to the summary judgment and the court's ruling on Wal-Mart's Motion for Summary Judgment that the potential to settle the case was discussed. It is Plaintiff's position that a valid and enforceable settlement agreement was reached between the parties on June 17, 2016. However, Wal-Mart is refusing to honor that agreement and has necessitated the filing of a Motion to Enforce the Settlement in the Civil District Court for the Parish of Orleans, State of Louisiana.

Following telephone conversations between counsel regarding the possibility of mediation, Wal-Mart, thru its counsel of record in the Federal proceedings, Sid Hardy, sent plaintiff a settlement offer via email on June 15, 2016.[1]

Defendant's settlement offer read as follows:

I relayed your suggestion that we mediate this case to Wal-Mart.

As I suspected, Wal-Mart is not interested in mediating this case, and has identified this as a case to try.

---

1 *See attached* Exhibit 1 R. Doc. 1-1 from EDLA Removal Proceedings at Page 11 of 16 (Settlement offer from Wal-Mart)(emphasis added).

**Wal-Mart has authorized me to offer the sum of $30,000.00 [to] settle the case.** This is not a beginning point in negotiation, but rather, this is the maximum Wal-Mart is willing to pay to settle this case. I do not believe Wal-Mart will respond to any settlement demand in excess of $30,000.00.

I look forward to hearing from you.

Defendant's offer did not make any mention of the pending Motion for Summary Judgment and was not conditioned upon the court's ruling on the motion. Thus, Plaintiff was not barred from accepting the offer by the court's ruling on the Motion for Summary Judgment, as Wal-Mart's refusal to honor the settlement would suggest.

On June 17, 2016 at approximately 1:30 PM, this Court entered a ruling granting Wal-Mart's Motion for Summary Judgment. Wal-Mart had not communicated a withdrawal of the open offer made on June15, 2016 and undersigned counsel accepted Wal-Mart's offer to settle Boles' case for $30,000.00 at approximately 2:02 PM on June 17, 2016.[2]

The Plaintiff's written acceptance that was transmitted via electronic mail to Wal-Mart's counsel read as follows:

**"We accept your offer to settle the above referenced case for the sum of $30,000.00"**

In the instant case, Wal-Mart did not rescind its offer to settle the case for $30,000.00 following the granting summary judgment and plaintiff accepted the June 15, 2016 offer unconditionally without any changes or counter-offers. Despite Plaintiff's

---

2 *See attached* Exhibit 1 R. Doc. 1-1 from EDLA Removal Proceedings at 12 of 16 (Plaintiff's acceptance of the settlement offer from Wal-Mart).

unconditional acceptance of Wal-Mart's unconditional offer to settle the case for $30,000.00, Wal-Mart's counsel responded to plaintiff's acceptance via email at approximately 2:12 PM on June 17, 2016, and indicated that plaintiff was "a little late with the acceptance."[3] Wal-Mart's counsel further indicated that he "just finished reading the court's decision granting the MSJ."[4]

It became apparent no later than Monday, June 20, 2016, when Wal-Mart's counsel informed Plaintiff's counsel via telephone that Wal-Mart would not honor the $30,000.00 settlement agreement of June 17, 2016 that Wal-Mart is taking the position that the granting of the Motion for Summary Judgment ended the case and the settlement offer could not be accepted. However, this reasoning is flawed, as the district court's ruling was subject to appellate review and Boles' case has therefore not concluded when the offer was accepted.

In response to Wal-Mart's position, Plaintiff's counsel sent Wal-Mart correspondence via email on June 21, 2016 indicating that he could find no law supporting Wal-Mart's refusal to honor the agreement and that failing a showing of authority that the settlement was not valid or Wal-Mart's honoring of the agreement that Boles would have no other choice but to file a Motion to Enforce the Settlement.[5]

On June 21, 2016, this Court entered a final judgment dismissing plaintiff's claims, which was *appealable* to the United States Court of Appeals for the Fifth Circuit at the time the settlement was accepted.

---

[3] *See attached* Exhibit 1 R. Doc. 1-1 from EDLA Removal Proceedings at Page 13 of 16 (Wal-Mart's response to plaintiff's acceptance).
[4] *Id*.
[5] *See attached* Exhibit 1 R. Doc. 1-1 from EDLA Removal Proceedings at Page 14 of 16 (Plaintiff's correspondence to Wal-Mart re: Motion to Enforce).

On June 29, 2016, Plaintiff filed a Motion to Enforce Settlement in the Civil District Court for the Parish of Orleans, State of Louisiana. Venue was proper in the Parish of Orleans pursuant to the Louisiana Code of Civil Procedure because the action was to enforce a settlement wherein the offer was transmitted from Orleans Parish and the acceptance had been transmitted to Orleans Parish. The Civil District Court for the Parish of Orleans has subject matter jurisdiction over the action, which is an action to enforce a transaction or compromise under Louisiana law.

On July 6, 2016, Defendant, Wal-Mart, filed a Notice of Removal of the action to enforce the settlement to the United States District Court for the Eastern District of Louisiana.

Wal-Mart then filed its Motion to Retain Jurisdiction Pending Transfer.

Plaintiff now files his opposition to Wal-Mart's Motion to Retain Jurisdiction Pending Transfer for this Court's consideration.

## LAW AND ARGUMENT

### I. THIS COURT HAS DISMISSED THIS ACTION AND WAL-MART IS IMPROPERLY ATTEMPTING TO REMOVE A STATE COURT ACTION TO THIS COURT

This Court dismissed this action on June 21, 2016 and Wal-Mart is now asking this Court to retain jurisdiction "until the Motion to Enforce Settlement filed by the plaintiff in Civil District Court for the Parish of Orleans can be removed and transferred to this Court." However, for the reasons that will be explained more fully below, the Motion to Enforce Settlement is not removable to the Eastern District of Louisiana; thus, no transfer can ever be made to this Court. Further, the single case cited by defendant to support the proposition that other federal courts having analyzed the validity of post-judgment acceptance of

settlement offers, *Bovino v. Amazon*, is distinguishable for several reasons. First, in that case, the party seeking to enforce the settlement agreement filed their Motion to Enforce with the federal district court; however, plaintiff in this matter, Darren Boles, chose to file his Motion to Enforce Settlement in the Civil District Court for the Parish of Orleans, a valid selection of forum which the plaintiff is afforded in such an action. Further, the agreement to settle in *Amazon* had much more explicit terms and is not factually comparable to the present unconditional offer made by Wal-Mart. Accordingly, this Court should deny Wal-Mart's present attempt at forum shopping and deny the request to "retain jurisdiction."

**II.   THE AMOUNT IN CONTROVERSEY DOES NOT MEET OR EXCEED $75,000.00; THEREFORE, THIS COURT DOES NOT HAVE PROPER JURISDICTION PURSUANT TO § 1332 AND § 1441(b).**

As this Court dismissed the matter on June 21. 2015, the basis for the case to be back before the Court is the removal of plaintiff's state court Motion to Enforce Settlement to the Eastern District of Louisiana and the subsequent transfer of said action into the Court. Although Wal-Mart also argues that this Court's continuing jurisdiction allows the removal and transfer, plaintiff disagrees and contends that the state court action was improperly removed to the Eastern District and will ultimately be remanded to the Civil District Court for the Parish of Orleans, making this Court's exercise of supplemental jurisdiction unnecessary, as the state court is equally well equipped to handle this matter.

The statute that grants federal courts "diversity" jurisdiction over certain cases contains a threshold amount in controversy which must be met before federal jurisdiction is present. The pertinent portion of the diversity statute provides:

>**(a)** The district courts shall have original jurisdiction of all civil actions **where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs**, and is between--
>
>**(1)** citizens of different States.[6]

In the present case, the civil action is to enforce a $30,000.00 settlement agreement. Plaintiff avers that there is no possibility that the value of the civil action filed in the Civil District Court for the Parish of Orleans, State of Louisiana exceeds the sum or value of $75,000.00. Accordingly, the Eastern District of Louisiana does not have jurisdiction over this action pursuant to 28 U.S.C.A. § 1332 and the action must be remanded. As such, there can be no transfer from the Eastern District to this Court. Wal-Mart asks that this Court retain jurisdiction over this matter "pending transfer" from the Eastern District of the Motion to Enforce Settlement; however, the Motion to Remand should be granted by the Eastern District and no transfer will occur. Thus, there is no need for this Court to retain jurisdiction as Wal-Mart requests.

## II.    THIS COURT SHOULD DECLINE TO EXCERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE COURT ACTION.

Assuming *arguendo* that this Court had supplemental jurisdiction, which Plaintiff maintains the Court does not, as the original action cannot be removed from the state court where it was filed and this Court had already dismissed the proceedings, which Wal-Mart now wishes to reinstate in an effort to avoid the flaws in its effort to remove the Motion to Enforce Settlement to a federal court, this case presents a situation where the Court should decline to exercise any such jurisdiction:

---

6 28 U.S.C.A. § 1332 (West)(emphasis added).

**(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

…

**(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

**(3)** the district court has dismissed all claims over which it has original jurisdiction, or

In the instant case, the removed action is one to enforce a transaction or compromise between two parties. The contract action substantially predominates over the underlying claims related to a slip and fall accident. Further, elements of Louisiana's electronic business act and other state law concerns predominate the state court claim to enforce the settlement. The fact that the case was a slip and fall at a Wal-Mart is of no moment in deciding the question before the Court about the validity of the settlement agreement. The following state law issues substantially predominate over any prior tort claim this court had original jurisdiction over:

Louisiana Civil Code, Article 3071 provides:

> A transaction or compromise is an **agreement between two or more persons, who, for preventing or putting an end to a lawsuit**, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
>
> This **contract must be either reduced into writing** or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of

> them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.

In the instant case, Wal-Mart made an offer on or about June 15, 2016 via email to plaintiff's counsel, that offer was subsequently accepted on June 17, 2016 via reply email. Thus, a valid settlement agreement was perfected when plaintiff replied to Wal-Mart's unconditional offer to settle plaintiff's case. The agreement in the present case meets all of the requirements of a valid transaction or compromise provided for by Louisiana Civil Code article 3071: It was an agreement between two or more persons (here Boles and Wal-Mart) for putting an end to a lawsuit (here the federal case) and the contract was reduced to writing.

Louisiana law specifically recognizes that the use of computers has led to the conducting of business via electronic means and our legislature has passed laws to allow for electronic contracts. The statute governing the use of electronic records and signatures provides that it:

> B. (1) This Chapter applies only to transactions between parties, each of which has agreed to conduct transactions by electronic means.
>
> (2) The context and surrounding circumstances, including the conduct of the parties, shall determine whether the parties have agreed to conduct a transaction by electronic means.[7]

In the instant matter, Wal-Mart, through its counsel of record in the federal proceedings, made the opening offer via electronic mail, clearly evidencing an agreement to conduct the transaction electronically. Provided that Wal-Mart's offer

---

[7] La. Rev. Stat. Ann. § 9:2605.

was made electronically and signed electronically by counsel for Wal-Mart, the fact that Boles accepted the offer via the electronic signing of and transmission of the acceptance to Wal-Mart should be of no moment in determining if the agreement meets Civil Code article 3071's writing requirement. In fact, the Legislature has specifically addressed these questions and passed Revised Statute 9:2607 to answer whether such electronic records and signatures will be legally recognizable in Louisiana. The Legislature said:

> A. A record or signature may not be denied legal effect or enforceability solely because it is in electronic form.
>
> B. A contract may not be denied legal effect or enforceability solely because an electronic record was used in its formation.
>
> C. **If a law requires a record to be in writing, an electronic record satisfies the law.**
>
> D. **If a law requires a signature, an electronic signature satisfies the law.**[8]

In the present case, Wal-Mart transmitted an electronically signed settlement offer to plaintiff via electronic mail and two days later, plaintiff provided his unequivocal acceptance of Wal-Mart's offer by electronic mail bearing the electronic signature of plaintiff's counsel. As Louisiana law specifically recognizes such transactions as legally enforceable, nothing about the electronic nature of the communications between the parties may be used to attack the settlement agreement.

Wal-Mart's June 15, 2016 offer did not specify any time period for acceptance.

---

8 La. Rev. Stat. Ann. § 9:2607. (emphasis added).

> When the offeror manifests an intent to give the offeree a delay within which to accept, without specifying a time, the offer is irrevocable for a reasonable time.[9]

In the instant case, the plaintiff accepted the offer on June 17, 2016, within two days of Wal-Mart's making of the offer. Thus, plaintiff accepted the offer within a reasonable amount of time and before Wal-Mart revoked the offer. Further, because the offer was not irrevocable pursuant to Civil Code Article 1928, Wal-Mart could have revoked the offer if they chose to do so.

> An offer not irrevocable under Civil Code Article 1928 may be revoked before it is accepted.

Despite having the power to revoke the offer, Wal-Mart did not do so prior to plaintiff's acceptance.

The lack of any verbiage in Wal-Mart's offer of June 15, 2016 restricting plaintiff's acceptance of the offer or providing that the offer would be void if the court were to grant Wal-Mart's Motion for Summary Judgment must be construed against Wal-Mart.

> In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text.[10]

Essentially, Wal-Mart's refusal to honor the settlement agreement boils down to Wal-Mart wanting to have a provision written into the offer which while it would have been within Wal-Mart's power to include. The Court cannot simply write into the contract after the fact. Failing the Court reading into the contract a non-existent deadline, Wal-Mart is left asking the Court to find that the offer was somehow revoked prior to plaintiff accepting same; however, this is again something that was legally within Wal-Mart's

---

9 Louisiana Civil Code art. 1928.
10 Louisiana Civil Code art. 2056.

power to do, but Wal-Mart simply failed to act. Wal-Mart should not be allowed to avoid its legally enforceable settlement agreement of June 17, 2016 by complaining that it failed to take the steps it could have under law before plaintiff accepted the offer to revoke same.

Because state law questions of contract and electronic business records are the only issues in the Motion to Enforce, this Court could decline to exercise supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367(c)(2).

Even if this Court were to find that the issues in the Motion to Enforce did not predominate over the original action and, this Court has dismissed the action; thus, the Court could also decline to exercise jurisdiction pursuant to 28 U.S.C.A. § 1367(c)(3).

This Court should decline to exercise supplemental jurisdiction over this action per 28 U.S.C.A. § 1367, and this case should be remanded to the Civil District Court, for the Parish of Orleans, State of Louisiana.

## **CONCLUSION**

Wal-Mart is asking this Court to retain jurisdiction over a closed case in an effort to take a non-removable action out of a state Court outside of the Middle District and improperly remove and then transfer said action to this Court. Given that the amount in controversy in this case is $30,000.00, plus the costs of these proceedings and a possible award of attorney's fees, there is no possibility that the costs will exceed or meet the additional $45,000.00 it would require for this case to meet the jurisdictional amount of $75,000.00 as required by 28 U.S.C. § 1332 to even remove the case to federal court in another district. In order for this matter to be back before this Court, the state law claims would first have to be removed to the Eastern District of Louisiana and then transferred to this Court. Since the removal is not possible, this matter will never be properly before this

Court to decide the issues relative to the settlement agreement. For these reasons, Plaintiff, Darren Boles, respectfully requests that this Court deny Wal-Mart's present motion and that the Motion to Enforce Settlement be remanded to the Civil District Court, for the Parish of Orleans, State of Louisiana.

>Respectfully Submitted,
>
>CHEHARDY, SHERMAN, WILLIAMS,
>MURRAY, RECILE, STAKELUM & HAYES,
>L.L.P.
>
>**/s/ George B. Recile**
>**George B. Recile, L.B.N. 11414**
>**Barry W. Sartin, Jr., L.B.N. 34075**
>One Galleria Boulevard, Suite 1100
>Metairie, Louisiana   70001
>Telephone:  (504) 833-5600
>Facsimile:  (504) 833-8080
>*Email: gbr@chehardy.com / bws@chehardy.com*
>
>*AND*
>
>**Troy Keller, L.B.N. 21661**
>917 N. Causeway Boulevard
>Metairie, LA 70001
>Telephone:    (504) 835-7833
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on **July 27, 2016,** I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

>**/s/ George B. Recile**
>One Galleria Boulevard, Suite 1100
>Metairie, Louisiana   70001
>Telephone:  (504) 833-5600
>Facsimile:  (504) 833-8080
>Email:      gbr@chehardy.com