UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DARREN W. BOLES

VERSUS

WAL-MART STORES, INC. AND
WAL-MART LOUISIANA, LLC

CIVIL ACTION

NO. 15-373-EWD

**RULING ON MOTION TO RETAIN JURISDICTION PENDING TRANSFER**

Before the court is a Motion to Retain Jurisdiction Pending Transfer (the "Motion to Retain Jurisdiction")[1] filed by defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC (collectively, "Wal-Mart" or "Defendants"). The Motion to Retain Jurisdiction is opposed,[2] and Wal-Mart has filed a reply.[3] For the reasons set forth herein, the Motion to Retain Jurisdiction is **DENIED**.

**I.    Background**

Plaintiff, Darren W. Boles ("Plaintiff"), originally brought suit against Defendants alleging he sustained personal injuries and damages after he slipped and fell on a clear liquid substance at Defendants' store.[4] This court granted Defendants' Motion for Summary Judgment on June 17, 2016 and a final judgment dismissing the suit with prejudice was entered on June 21, 2016.[5] No Notice of Appeal was filed.

---

[1] R. Doc. 32.

[2] R. Doc. 35.

[3] R. Doc. 38.

[4] R. Doc. 1-1, ¶ 2. The case was removed from the 23rd Judicial District Court, Parish of Ascension, State of Louisiana on June 10, 2015 based on diversity jurisdiction. R. Doc. 1.

[5] R. Docs. 30 & 31. This court found that Plaintiff could not establish that Defendants had actual or constructive notice of the condition. R. Doc. 30.

1

Defendants assert that immediately *after* this court granted Defendants' Motion for Summary Judgment, Plaintiff purported to accept a $30,000.00 settlement offer made two days prior to the court's ruling.[6] Defendants subsequently took the position that Plaintiff's acceptance of the settlement offer was untimely. On June 29, 2016, Plaintiff filed a Motion to Enforce Settlement (the "Motion to Enforce Settlement") in Civil District Court for the Parish of Orleans (the "CDC Proceeding").[7] On July 6, 2016, Defendants (1) removed the CDC Proceeding to the Eastern District of Louisiana, and thereafter moved to transfer that suit to this court;[8] and (2) filed in this court the Motion to Retain Jurisdiction pending removal and transfer of the Motion to Enforce Settlement to this court.[9] Plaintiff has filed a Motion to Remand in the Eastern District and opposes the Motion to Retain Jurisdiction filed in this court.

Wal-Mart argues that Plaintiff's Motion to Enforce Settlement circumvents the "ongoing jurisdiction" of this court. Wal-Mart asks this court to "retain jurisdiction and refrain from closing this lawsuit to resolve the ongoing dispute arising out of the Court's decision to grant summary judgment in its favor and the plaintiff's untimely acceptance of a pre-dismissal settlement offer."[10] Wal-Mart contends that this court has jurisdiction over the "present lawsuit" pursuant to diversity jurisdiction and that "while the Motion to Enforce Settlement arises out of an alleged contract, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the alleged settlement agreement is 'so related to claims in the action within such original jurisdiction that they form part

---

[6] *See*, R. Doc. 32, pp. 1-2.

[7] *See*, R. Doc. 32-5.

[8] *Boles v. Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC*, United States District Court, Eastern District of Louisiana, 16-12471.

[9] R. Doc. 32.

[10] R. Doc. 32, p. 4. Despite Wal-Mart's request for this court to retain jurisdiction and refrain from closing the lawsuit, a final judgment was entered on June 21, 2016 and the case was closed that day. Wal-Mart filed its Motion to Retain Jurisdiction 15 days later.

of the same case or controversy….'"[11] Specifically, Wal-Mart asserts that the state law breach of contract claim (*i.e.*, the Motion to Enforce Settlement) "derives from a common nucleus of operative facts with the matter that is the subject of this Court's original jurisdiction; that is, this Court's decision to grant Wal-Mart's Motion for Summary Judgment immediately before Plaintiff's acceptance of the mooted settlement offer."[12] Wal-Mart argues that Plaintiff's claims "would ordinarily be tried in one judicial proceeding to determine whether the Motion for Summary Judgment was properly granted or whether the grant of summary judgment was moot based on the supposedly accepted settlement offer."[13] Further, Wal-Mart contends that "federal district courts generally retain jurisdiction over disputes regarding the enforcement of settlement when a lawsuit is dismissed through a procedural vehicle other than Fed. R. Civ. Proc. 41."[14]

In response, Plaintiff argues that although Wal-Mart asks this court to "retain jurisdiction" pending transfer of the Motion to Enforce Settlement, such transfer from the Eastern District will never occur in the first instance because the Motion to Enforce Settlement is not removable.[15] Plaintiff contends that this court dismissed the matter over which it had original jurisdiction on June 21, 2016 (*i.e.*, the date a final judgment was entered) and disagrees that any "continuing jurisdiction" exists.[16] Because Plaintiff believes the Eastern District will ultimately remand the case pending before it, Plaintiff asserts that this court's exercise of supplemental jurisdiction is

---

[11] R. Doc. 32, p. 5.

[12] R. Doc. 32, pp. 5-6.

[13] R. Doc. 32, p. 6. Wal-Mart cites *Bovino v. Amazon.com, Inc.*, 2016 WL 943780 (D. Co. March 14, 2016) in support of this position. As discussed below, the court finds *Bovino* is distinguishable.

[14] R. Doc. 32, p. 6. Wal-Mart cites case law dealing with acceptance of an offer of judgment following entry of a summary judgment. As discussed herein, the cases cited by Wal-Mart raise the enforceability of the offer of judgment in the context of a Rule 59 or Rule 60 motion. Wal-Mart has not brought such a motion.

[15] R. Doc. 35, p. 5. Although the parties are completely diverse, Plaintiff explains that "the civil action is to enforce a $30,000.00 settlement agreement. Plaintiff avers that there is no possibility that the value of the civil action filed in the Civil District Court…exceeds the sum or value of $75,000.00." R. Doc. 35, p. 7.

[16] R. Doc. 35, p. 6.

unnecessary.[17] Assuming *arguendo* that this court has supplemental jurisdiction, Plaintiff argues that this court should decline to exercise supplemental jurisdiction because the claim at issue substantially predominates over any original jurisdiction claim and/or because this court has dismissed all claims over which it has original jurisdiction.[18]

On August 24, 2016, this court held a hearing on the Motion to Retain Jurisdiction.[19] Following argument of the parties, the court took the matter under advisement and is now ready to rule.

## II. Analysis

### A. This Court's Original Diversity Jurisdiction Terminated because No Timely Motion under F.R.A.P. 4(a)(4)(A) was Filed.

This court granted Defendants' Motion for Summary Judgment on June 17, 2016 and a final judgment dismissing the suit with prejudice was entered on June 21, 2016.[20] No Notice of Appeal was filed within the 30 day time frame set forth in F.R.A.P. 4(a)(1)(A), nor was any specified post-judgment motion under F.R.A.P. 4(a)(4)(A) filed.

Under F.R.A.P. 4(a)(1)(A), the notice of appeal must be filed with the district clerk within 30 days after entry of the judgment. *See also*, *Huff v. International Longshoremen's Ass'n, Local*

---

[17] R. Doc. 35, p. 6.

[18] R. Doc. 35, p. 8. As Plaintiff asserts, "[t[he contract action substantially predominates over the underlying claims related to a slip and fall accident" and "[t]he fact that the case was a slip and fall at a Wal-Mart is of no moment in deciding the question before the Court about the validity of the settlement agreement." R. Doc. 35, p. 8. In arguing that "state law issues substantially predominate over any prior tort claim this court had original jurisdiction over," Plaintiff focuses on substantive issues regarding Louisiana's requirements for a transaction or compromise under La. C.C. art. 3071, Louisiana's recognition of electronic signatures pursuant to La. R.S. §§ 9:2605 & 2607, and the timing of Plaintiff's acceptance under Louisiana law. *See*, R. Doc. 35, pp. 8-12. In response to these arguments, Wal-Mart argues in its reply briefing that this court's decision to grant the Motion for Summary Judgment "eliminated the existence of cause for Wal-Mart's settlement offer" and that Louisiana law invalidates agreements when there is an error as to cause. R. Doc. 38, pp. 1-2 (emphasis omitted). All of these arguments go to the substantive question of whether the purported settlement is enforceable rather than the threshold question of whether this court has jurisdiction.

[19] R. Doc. 43.

[20] R. Docs. 30 & 31.

*No. 24*, 799 F.2d 1087, 1089 (5th Cir. 1986) ("An appeal may be taken from a district court to a court of appeals by the timely filing of a notice of appeal. In civil cases the notice of appeal must be filed within thirty days of the date of entry of the judgment or order appealed from.") Adherence to the time limitation for filing a notice of appeal from a final judgment is "mandatory and jurisdictional." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 284 (5th Cir. 1985). In Opposition to the Motion to Retain Jurisdiction, Plaintiff argues that the ruling on Wal-Mart's Motion for Summary Judgment did not end the case "as the district court's ruling was subject to appellate review and Boles' case has [sic] therefore not concluded when the offer was accepted."[21] Similarly, Wal-Mart argues that "[a]s the Motion to Enforce Settlement arose out of an ongoing matter that has 'not concluded[,]' pursuant to Plaintiff's own admission, it should be removed, transferred, and consolidated with the ongoing lawsuit in Middle District of Louisiana."[22] Accordingly, while both parties seem to recognize the potential importance of the appellate delay and that "conclusion" of the case may hinge on the running of that time period, a timely Notice of Appeal was not filed in this matter. Unless the time period for filing such notice was suspended by a specified post-judgment motion under F.R.A.P. 4(a)(4)(A), this court's jurisdiction has terminated.

F.R.A.P. 4(a)(4)(A) provides that the 30 day notice of appeal period may be suspended by timely filing "any of the following motions": Fed. R. Civ. P. 50(b) (Renewed Motion for Judgment as a Matter of Law), Rule 52(b) (to amend or make additional findings), "for attorney's fees under

---

[21] R. Doc. 35, p. 4. Likewise, in support of the Motion to Remand filed in the Eastern District on July 11, 2016, Plaintiff asserts that "the district court's ruling is subject to appellate review and Boles' cases has therefore not concluded to date." 16-12471, R. Doc. 7-1, p. 4.

[22] R. Doc. 38, p. 5.

Rule 54 if the district court extends the time to appeal under Rule 58," Rule 59 (to alter or amend a judgment), or Rule 60 (relief from a judgment or order).  F.R.A.P. 4(a)(4)(A) provides:

> (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (i) for judgment under Rule 50(b);
>
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
>
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>
> (iv) to alter or amend the judgment under Rule 59;
>
> (v) for a new trial under Rule 59; or
>
> (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Although F.R.A.P. 4(a)(4)(A) does not explicitly state that the post-judgment motions listed therein are the exclusive motions by which the time period for filing a Notice of Appeal may be suspended, the language of the rule, which specifies "any of the following motions," indicates as much.  *See also*, 1979 Advisory Committee Notes, Subdivision (a)(4) (discussing the "specified" post trial motions); 1993 Advisory Committee Notes, Subdivision (a)(4) (explaining that "a notice of appeal filed before the disposition of a *specified* post trial motion will become effective upon disposition of the motion.") (emphasis added); 2009 Advisory Committee Notes, Subdivision (a)(4)(A)(vi) ("Subdivision (a)(4) provides that *certain* timely post-trial motions extend the time for filing an appeal.") (emphasis added).  Moreover, the Fifth Circuit has been careful to consider whether a post-judgment motion is properly within the scope of those listed in F.R.A.P. 4(a)(4)(A) when considering appellate jurisdiction.  *See*, *Harcon Barge Co., Inc. v. D&G Boat Rentals, Inc.*,

6

784 F.2d 665, 668 (5th Cir. 1986) (considering, under previous version of F.R.A.P. 4(a)(4), whether unspecified post-judgment motion was within the scope of those listed in the rule and adopting a "bright-line rule distinguishing between those motions considered to be within the rules listed in Rule 4(a)(4)…and those motions considered to be filed under other rules not listed in Rule 4(a)(4) and thus devoid of an effect on appellate jurisdiction.");[23] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (considering under analogous bankruptcy rules whether post judgment motion could be "characterized" as one of the listed motions and finding that because the motion "is not properly construed as a Rule 60(a) motion seeking to correct a clerical error, a Rule 59(e) motion seeking to alter or amend a judgment, or any of the other motions that can divest an appellate court of jurisdiction pursuant to Bankruptcy Rule 8002 ([equivalent of F.R.A.P. 4(a)(4)]), the bankruptcy court had no jurisdiction…" to enter a supplemental order following notice of appeal).

In each federal court case cited by Wal-Mart in support of its request for this court to "retain" jurisdiction, the issue of enforceability of a purported settlement or acceptance of an offer of judgment was raised in the context of a F.R.A.P. 4(a)(4)(A) motion. Accordingly, the trial court's jurisdiction was ongoing when the question of enforceability of a settlement agreement

---

[23] The version of F.R.A.P. 4(a) discussed by *Harcon Barge* was subsequently amended. *See*, F.R.A.P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."). However, the Fifth Circuit later noted that the *Harcon Barge* court's concerns applied more broadly to jurisdictional questions raised by F.R.A.P. 4(a). *Huff v. International Longshormen's Ass'n, Local No. 24*, 799 F.2d 1087, 1090 n. 5 (5th Cir. 1986) ("While the specific issue in *Harcon Barge* was whether a timely notice of appeal survives a later post-judgment motion, the court's 'bright line' rule on discerning rule 59(e) and rule 60(b) motions is applicable to any interplay between rules 59(e), 60(b), and appellate rule 4(a). As we stated: 'The bright line rule established here prevents such needless waste…and preserves the virtue of clarity sought by Fed.R.App.P. 4(a)(4).' 784 F.2d at 670. These same concerns are achieved in this case along with the important interest of ensuring the proper exercise of this court's jurisdiction."). Unlike previous versions, the current version of F.R.A.P. 4(a)(4)(A) includes a post judgment motion for relief under Rule 60 if brought within 28 days of entry of judgment. However, the Fifth Circuit's concern regarding whether a particular motion is properly categorized as one of the motions listed in F.R.A.P. 4(a) for jurisdictional purposes remains. *See*, *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

arose.  For example, in *Day v. Krystal Co.*, 241 F.R.D. 474 (E.D. Tenn. 2007), plaintiff brought a motion purportedly under Rule 59(e) seeking to set aside a judgment entered in favor of defendant based on her acceptance of defendant's Rule 68 offer of judgment on the same day the court entered summary judgment.  In considering the propriety of Plaintiff's motion, the court explained that "[a]lthough Plaintiff states she brings her motion pursuant to Rule 59(e), she did not state a clear error of law had occurred, newly discovered evidence was found, an intervening change in controlling law occurred or there was a need to prevent manifest injustice." *Id*. at 479.   While the court found acceptance of an offer of judgment was not an appropriate ground for a Rule 59(e) motion, and that plaintiff's motion could have been properly denied for that reason alone, it nonetheless considered the merits of the motion and held that "where a final judgment has been entered which dismisses a complaint in its entirety, a plaintiff can no longer accept a defendant's Rule 68 offer of judgment."  *Id*. at 476 and 479.  Similarly, in *Perkins v. U.S. West Communications*, 138 F.3d 336 (8th Cir. 1998) the court considered plaintiff's Rule 59(e) motion to amend judgment where plaintiff, after learning of the court's adverse ruling on summary judgment, purported to accept an offer of judgment and thereafter moved to amend the unfavorable summary judgment to "conform" to the purportedly accepted offer of judgment.  *See also*, *Rother v. Lupenko*, 2014 WL 3955211, at * 9 (D. Or. Aug. 13, 2014) (concluding that a Rule 60(b) motion for relief from judgment may be entertained on the basis of a post judgment acceptance of a Rule 68 offer but that plaintiffs failed to move for such relief); *Smith v. Southeastern Pennsylvania Trans. Authority*, 258 F.R.D. 300, 301 (E.D. Pa. 2009) (considering Rule 60(b)(4) and (6) motion to vacate and strike entry of judgment based on purported acceptance of offer of judgment after unfavorable summary judgment ruling).

8

Here, unlike the cases discussed above, Wal-Mart successfully brought a Motion for Summary Judgment and *does not* move this court to alter or amend that judgment. As explained by the Fifth Circuit, a motion to amend or alter a judgment under Rule 59(e) "calls into question the correctness of a judgment. Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to properly present newly discovered evidence.'" *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Wal-Mart's Motion to Retain Jurisdiction does not question this court's ruling on the Motion for Summary Judgment. Nor does it seek to correct an alleged clerical error in that judgment or move for relief from the judgment based on, *inter alia*, mistake, fraud, newly discovered evidence, or an argument that some other reason justifies such relief. *See*, Fed. R. Civ. P. 60. During oral argument, Wal-Mart was unable to explain how their Motion to Retain Jurisdiction fits within the scope of any post-judgment motion contemplated by F.R.A.P. 4(a)(4)(A). Indeed, in light of the nature of the motions listed, such post-judgment motion would be inconsistent with the fact that the court's ruling granting summary judgment was in favor of Wal-Mart.

Wal-Mart also relies heavily on *Bovino v. Amazon.com, Inc.*, 2016 WL 943780 (D. Co. March 14, 2016) as the "singular case in which a federal court analyzed the validity of a post-judgment acceptance of a settlement offer, not made pursuant to Federal Rule of Civil Procedure 68…."[24] Despite Wal-Mart's reliance, the court finds *Bovino* is distinguishable. First, it does not appear that any party contested the court's jurisdiction to consider the motion to enforce the purported settlement in that case. More importantly, enforcement of the purported settlement was raised in connection with a pending post-judgment motion within the scope of F.R.A.P. 4(a)(4)(A). There, the settlement offer at issue proposed that plaintiff dismiss his infringement claims against

---

[24] R. Doc. 32, p. 6.

Amazon and that Amazon would, *inter alia*, waive any rights to seek attorney fees against plaintiff. *Id*. at * 1.  Following the court's grant of Amazon's motion for summary judgment, Amazon moved for an award of attorney's fees.  Thereafter, and in response to Amazon's motion for fees, plaintiff moved to enforce the terms of the settlement offer that plaintiff purported to accept a few hours after issuance of the summary judgment ruling.  Plaintiff requested that the court deem Amazon's offer to have been accepted and deny Amazon's motion for attorney fees as moot.  *Id*.  Thus, the *Bovino* court considered plaintiff's motion to enforce the purported settlement agreement while the case was ongoing and during the pendency of an active (and presumably timely) post-judgment motion for attorney fees – a motion explicitly within the scope of F.R.A.P. 4(a)(4)(A).  No such motion was brought here.

In sum, Wal-Mart cannot establish, and this court cannot find, a basis for classifying the Motion to Retain Jurisdiction as a motion within the scope of those listed in F.R.A.P. 4(a)(4)(A).  Because Wal-Mart has not brought a motion within the scope of F.R.A.P. 4(a)(4)(A), there was no mechanism by which the appellate delay in this case was suspended.  Accordingly, because Wal-Mart filed no post-judgment motion within the scope of F.R.A.P. 4(a)(4)(A) that would suspend the running of the deadline to appeal, and because the appellate delay has run, the judgment dismissing Plaintiff's suit is final and non-appealable and this court's original jurisdiction has terminated.

### B.  This Court Does Not Have Supplemental Jurisdiction

According to Wal-Mart, this court has continuing diversity jurisdiction and can exercise supplemental jurisdiction over the "state law claim for breach of contract…."[25]  As set forth above,

---

[25] R. Doc. 32, p. 5.  While Wal-Mart asserts this court has "continuing" original jurisdiction pursuant to 28 U.S.C. § 1332, it does not argue that this court has original diversity or federal question jurisdiction over the Motion to Enforce Settlement.  Instead, Wal-Mart argues that this court may exercise supplemental jurisdiction over that state law claim.  *See*, R. Doc. 32, p. 5.

any "continuing" diversity jurisdiction has since ended with the running of the appellate delay. As such, the original slip and fall case pending before this court is completed. As pointed out by both parties, however, at the time Wal-Mart filed its Motion to Retain Jurisdiction, the appellate delay had not run. Accordingly, either party could have arguably raised, prior to the expiration of appellate delays, a claim over which this court had supplemental jurisdiction. As discussed below, this court finds that Plaintiff's state law claim for breach of contract (*i.e.*, the Motion to Enforce Settlement) is not a claim over which supplemental jurisdiction should be exercised.

28 U.S.C. § 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are **so related to claims in the action within such original jurisdiction that they form part of the same case or controversy** under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. (emphasis added)

Wal-Mart argues that "the state law claim for breach of contract derives from a common nucleus of operative facts with the matter that is the subject of this Court's original jurisdiction; that is, this Court's decision to grant Wal-Mart's Motion for Summary Judgment immediately before Plaintiff's acceptance of the mooted settlement offer."[26]

In *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), the Supreme Court considered a district court's continuing jurisdiction to enforce the terms of a settlement agreement following dismissal of the underlying suit.[27] There, plaintiff originally brought suit for breach of

---

[26] R. Doc. 32, p. 6.

[27] In *Kokkonen*, the Court found that the district court did not have inherent power to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction. 511 U.S. at 381-82. The parties' briefing focuses on the existence of supplemental rather than ancillary jurisdiction.

11

an agency agreement. After closing arguments but before the judge instructed the jury, the parties arrived at an oral agreement, the substance of which was recited on the record. *Id*. at 376. Thereafter, the parties executed a stipulation and order of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a) and the district judge signed the stipulation and order. *Id*. Following a disagreement regarding obligations owed under the settlement agreement, defendant moved in the district court to enforce the settlement agreement, and plaintiff opposed on the ground that the court lacked subject-matter jurisdiction. *Id*. at 377. The Court explained that "[e]nforcement of [a] settlement agreement…is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id*. In considering whether the district court could exercise ancillary jurisdiction over enforcement of the settlement agreement, the Court considered whether such jurisdiction was necessary to (1) "permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent" or (2) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees…." *Id*. at 379-80.

With regard to the question of whether the claims related to the agency agreement and the settlement agreement were "factually interdependent," the *Kokkonen* Court explained that "the facts underlying respondent's dismissed claim for breach of agency agreement and those underlying its claim for breach of settlement agreement have nothing to do with each other; it would neither be necessary nor even particularly efficient that they be adjudicated together." *Id*. at 380. The *Kokkonen* Court's finding that the facts related to the settlement agreement were not "factually interdependent" and "had nothing to do with" the facts related to breach of the agency agreement is directly contrary to Wal-Mart's argument that Plaintiff's breach of contract claim derives from a common nucleus of operative facts with the matter that is the subject of this Court's

original jurisdiction. Although the court recognizes that the ruling on summary judgment is tied to both the original slip and fall action (in that it decided those claims on the merits) as well as Plaintiff's Motion to Enforce Settlement (in that it is part of the offer and acceptance timeline), the facts related to the original action and the Motion to Enforce remain separate and distinct. A court considering the merits of the Motion to Enforce will not be required to consider the merits of Wal-Mart's motion for summary judgment or the propriety of this court's ruling thereon. Instead, it will consider the timing of that ruling in the context of Wal-Mart's settlement offer and Plaintiff's purported acceptance. Such a tenuous connection is not enough, in light of *Kokkonen*, to support a finding that the claims asserted in the Motion to Enforce Settlement are so related to the original slip and fall claims as to form part of the same case or controversy.[28] Accordingly, the court finds that it would not have supplemental jurisdiction over the Motion to Enforce Settlement even if that proceeding was transferred here by the Eastern District.

### C. Even if Supplemental Jurisdiction Existed, this Court would Decline to Exercise that Jurisdiction

Assuming *arguendo* that 28 U.S.C. § 1367 is applicable, a court may decline to exercise supplemental jurisdiction when (i) the supplemental claim "substantially predominates" over the

---

[28] Wal-Mart attempts to distinguish *Kokkonen* by pointing out that "[u]nlike *Kokkonen*…and its progeny, where the parties settled and dismissed the lawsuit pursuant to Fed. R. Civ. Proc. 41 and then subsequently requested that the federal court enforce the settlement; here, the parties have **not** agreed to settle and dismiss this lawsuit….Here, the parties did not voluntarily settle and dismiss this lawsuit under Fed. R. Civ. Proc. 41, and did not elect to preclude the continued jurisdiction of the federal court." R. Doc. 32, p. 10. (emphasis in original)  This court does not read *Kokkonen* as limited to only those situations in which the parties have moved for a voluntary dismissal. While the *Kokkonen* Court noted that in such situations, the parties could ensure continued federal jurisdiction following voluntary dismissal by incorporating a continuing jurisdiction provision or the terms of their settlement into the dismissal, the thrust of the Court's ruling is that enforcement of the settlement agreement itself in federal court is not essential to conducting federal court business and that without some additional positive action retaining jurisdiction, federal jurisdiction does not automatically continue. 511 U.S. at 381 ("The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business.")

claim over which the district court has original jurisdiction; or (ii) the district court has dismissed all of the claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(2) & (3).

As discussed above, this court previously dismissed all of Plaintiff's claims over which it had original jurisdiction with prejudice, and the appellate delays for challenging that decision have run. Additionally, because the state law breach of contract claim is the *only* claim at issue here, it by default "substantially predominates" over any other potential claims. Accordingly, to the extent this court could exercise supplemental jurisdiction, it declines to do so under 28 U.S.C. § 1367(c)(2) and (3) based on the previous dismissal of all claims over which this court had original jurisdiction.

### III. Conclusion

For the reasons set forth herein, the Motion to Retain Jurisdiction Pending Transfer[29] is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 2, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[29] R. Doc. 32.